UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICKIE FERGUSON,

        Plaintiff,           Case No. 2:23-cv-11094

v.                                    Honorable Susan K. DeClercq
                                                    United States District Judge
MARYSVILLE HOUSING
COMMISSION,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION (ECF No. 29) AND DIRECTING PARTIES TO ATTEND PHASE II SCHEDULING CONFERENCE**

In this Fair Labor Standards Act (FLSA) case, Plaintiff Vickie Ferguson alleges that Defendant Marysville Housing Commission (MHC) failed to pay her for on-call and overtime wages for her work as a building monitor, and that it retaliated against her for inquiring with government agencies about whether she should have been paid for such work.[1] MHC filed a motion for summary judgment on both claims, ECF No. 23, which the Court granted in part and denied in part, ECF No. 28. Specifically, the Court dismissed Ferguson's FLSA retaliation claim but allowed her

---

[1] A summary of the underlying facts of this case may be found in this Court's March 31, 2025, opinion and order granting in part and denying in part Defendant's motion for summary judgment. *See* ECF No. 28 at PageID.584–89 (detailing agreed-upon and disputed facts).

FLSA violation claim to continue, finding that there were factual disputes about (1) what Ferguson's job duties were, and (2) whether MHC required or requested that Ferguson wait while on call. *Id.* at PageID.600, 604.

MHC now seeks reconsideration of that Order. ECF No. 30. But MHC does not demonstrate any clear error of law, presents no new evidence or intervening change of law, and fails to show that the Court made a mistake in its analysis. *Id.* Thus, as explained below, reconsideration will be denied.

## I. LEGAL STANDARD

Local Rule 7.1(h)(2) governs motions for reconsideration of a nonfinal order. It states:

> Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:
>
> > (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
> > (B) An intervening change in controlling law warrants a different outcome; or
> > (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2).

MHC has not presented any new facts or controlling law in its motion. *See generally* ECF No. 29. Therefore, only Local Rule 7.1(h)(2)(A) is relevant here. To

succeed under Local Rule 7.1(h)(2)(A), a movant must demonstrate "(1) that the court made a mistake, (2) that correcting the mistake changes the outcome of the prior decision, and (3) that the mistake was based on the record and law before the court at the time of its prior decision." *Hillman Power Co. v. On-Site Equip. Maint., Inc.*, 582 F. Supp. 3d 511, 514 (E.D. Mich. 2022) (citing E.D. Mich. LR 7.1(h)(2)(A)).

## II. ANALYSIS

MHC argues that this Court made three mistakes in its decision to grant in part and deny in part MHC's motion for summary judgment. ECF No. 29. Each will be addressed below.

### A. On-Call Time

MHC first argues that this Court made a mistake by failing to consider 29 C.F.R. § 785.23, which contemplates on-call time for employees who reside on an employer's premises. ECF No. 29 at PageID.613–16. Although not cited specifically in the Opinion and Order, this Court did consider 29 C.F.R. § 785.23 when analyzing whether Ferguson's on-call time was compensable. This regulation provides:

> An employee who resides on his employer's premises on a permanent basis for extended periods of time is not considered as working all the time he is on the premises. Ordinarily, he may engage in normal private pursuits and thus have enough time for eating, sleeping, entertaining, and other periods of **complete freedom from all duties** when he may leave the premises for purposes of his own.

29 C.F.R. § 785.23 (emphasis added).

MHC argues that "courts have interpreted this regulation as establishing a presumption that employees residing on the employer's premises are not working the entire time that they are on the premises." ECF No. 23, PageID.89. True enough, but this Court did *not* find that Ferguson was working the entire time that she was on the premises. *See* ECF No. 28 at PageID.601 (noting "the current incomplete record suggests that it is unlikely" that Ferguson was working the entire time she was on the premises). Rather, this Court found that there were factual disputes over how much time Ferguson spent working as opposed to engaged in private pursuits during the time she was "on call" at home, which precluded summary judgment. *See id.* at PageID.600–01. Indeed, what Ferguson's duties were, and therefore how much time she spent doing them during her "on call" time, are heavily disputed. Thus, it was not a mistake to deny summary judgment on this basis.

### B. Lodging Credit

Second, MHC argues that this Court made a mistake by failing to determine as a matter of law whether Defendant is entitled to a lodging credit that would offset any past-due wages. ECF No. 29 at PageID.616–18. But this Court could not determine as a matter of law whether any lodging credit would offset the amount owed to Ferguson because there are genuine issues of material fact as to how much Ferguson is owed for the work she performed. *See* ECF No. 28 at PageID.600–01.

Moreover, even MHC acknowledges that this Court's opinion explicitly states that MHC "may raise this argument at trial if they so choose after necessary factfinding to determine how much, if any, of Ferguson's on-call time was compensable." *Id.* at PageID.601. Indeed, if a resolution of the factual disputes about Ferguson's job duties and on-call expectations are resolved in MHC's favor, this issue becomes moot. So, until the amount of compensable on-call time is determined by the finder of fact, the issue of any offset cannot be determined as a matter of law. So, again, no mistake.

### C. Judgment in Excess of $200 Per Month

Finally, MHC argues that any judgment over $200 per month awarded to Ferguson would be void *ab initio* because it violates HUD regulations. ECF No. 29 at PageID.618–19. However, this argument is premature. There has been no judgment entered in favor of Ferguson, and in fact, there has not even been a decision that Ferguson will succeed with her claim—this Court's opinion simply allows Ferguson's failure-to-compensate claim to proceed to a bench trial. Accordingly, MHC's argument is too hypothetical at this juncture. Indeed, it assumes that a judgment will be entered in Ferguson's favor *and* that such a judgment would exceed $200 per month in back-due wages.

In sum, MHC's motion for reconsideration will be denied and this Court will again point to its March 2025 opinion and order which stated—in no uncertain

terms—that two questions of fact remain: "(1) Whether MHC *required* Ferguson to wait, or merely *requested* that she wait; and (2) What Ferguson's duties as building monitor actually included." ECF No. 28 at PageID.600. None of MHC's arguments resolve these questions such that a different outcome at the summary-judgment stage would be appropriate.

Thus, MHC's motion will be denied, and a Phase II Scheduling Conference will be scheduled.

### III. CONCLUSION

Accordingly, it is **ORDERED** that Defendant's Motion for Reconsideration, ECF No. 29, is **DENIED**.

Further, it is **ORDERED** that the Parties are **DIRECTED** to attend a Phase II Scheduling Conference via Zoom **on Thursday, June 12, 2025, at 11:00 AM EDT**.

**This is not a final order and does not close the above-captioned case.**

> */s/ Susan K. DeClercq*
> SUSAN K. DeCLERCQ
> United States District Judge

Dated: May 30, 2025