UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICKIE FERGUSON,

        Plaintiff,                Case No. 2:23-cv-11094

v.                                    Honorable Susan K. DeClercq
                                      United States District Judge

MARYSVILLE HOUSING
COMMISSION,

        Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S OMNIBUS MOTION *IN LIMINE* (ECF No. 37), DENYING PLAINTIFF'S MOTION TO STRIKE WITNESSES AND EXHIBITS (ECF No. 40), AND DENYING PLAINTIFF'S OMNIBUS MOTION *IN LIMINE* (ECF No. 41)**

In this FLSA case, Plaintiff Vickie Ferguson is suing her former employer, Defendant Marysville Housing Commission. A bench trial is scheduled to begin on October 7, 2025. *See* ECF No. 36. Currently pending before this Court are the following motions: (1) Defendant's omnibus motion *in limine*, ECF No. 37; (2) Plaintiff's motion to strike witnesses and exhibits, ECF No. 40; and (3) Plaintiff's omnibus motion *in limine*, ECF No. 41.

A hearing on all three motions was held on September 29, 2025. *See* ECF No. 36. During the hearing, all eleven disputed issues were discussed at length, and the Court informed the Parties of its ruling on ten of those issues. This order summarizes the ten resolved disputes and addresses the sole outstanding evidentiary dispute

regarding whether evidence of proposed and actual changes to the building monitor role is admissible at trial.

## I. LEGAL STANDARD

"A 'motion *in limine*' is any motion 'to exclude anticipated prejudicial evidence before the evidence is actually offered.'" *Good v. BioLife Plasma Servs., L.P.*, 605 F. Supp. 3d 947, 955 (E.D. Mich. 2022), *recon. denied*, 647 F. Supp. 3d 555 (E.D. Mich. 2022) (quoting *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013)). Motions *in limine* are designed "to narrow the issues remaining" and "minimize disruptions," *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999), to help ensure "evenhanded and expeditious management of trials," *United States v. Phillips*, 146 F. Supp. 3d 837, 841 (E.D. Mich. 2015), *aff'd in part*, 677 F. App'x 294 (6th Cir. 2017) (citations omitted). Indeed, "the Supreme Court has allowed district courts to rule on motions *in limine* 'pursuant to the district court's inherent authority to manage the course of trials.'" *Id.* (citing *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984)).

"A district court should grant a motion to exclude evidence *in limine* 'only when [that] evidence is clearly inadmissible on all potential grounds.'" *Id.* (quoting *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)). "In cases where that high standard is not met, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be

resolved in proper context." *Id.* (citations modified) (quoting *Ind. Ins. Co.*, 326 F. Supp. 2d at 846); *see also Good*, 605 F. Supp. 3d at 955; *Figgins v. Advance Am. Cash Advance Ctrs. of Mich., Inc.*, 482 F. Supp. 2d 861, 865 (E.D. Mich. 2007) ("It may be desirable in many cases to defer ruling on objections until trial.").

Even when a court denies a motion *in limine*, that "does not necessarily mean that the court will admit the evidence at trial." *Phillips*, 146 F. Supp. 3d at 841. Rather, "[d]enial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

## II. ANALYSIS

### A. Defendant's Omnibus Motion *in Limine* (ECF No. 37)

Defendant's omnibus motion *in limine* seeks to exclude three categories of evidence: (1) evidence of proposed and actual changes to the building monitor role[1]; (2) letters of support from Plaintiff's friends and co-residents; and (3) improper character evidence. ECF No. 37.

*1. Evidence of proposed and actual changes to the building monitor role*

Defendant argues that evidence of proposed and actual changes to the building

---

[1] Defendant first frames this category as two separate categories, *see* ECF No. 37 at PageID.670, but then proceeds to analyze both categories together, *see id.* at PageID.678–80. This Court will follow Defendant's lead and address the evidence of proposed and actual changes to the building monitor role together.

- 3 -

monitor role are irrelevant and unfairly prejudicial, thus such evidence should be excluded. *Id.* at PageID.679. Specifically, the parties dispute the admissibility of (1) testimony and evidence relating to the proposed new building monitor agreement Defendant presented to Plaintiff in December 2022 and (2) testimony and evidence related to how Defendant handled the building monitor duties after Plaintiff left the role in April 2023. *Id.* at PageID.678.

Under Federal Rule of Evidence 402, only relevant evidence is admissible. Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. As the Sixth Circuit has recognized, Rule 401 sets a "low bar" for relevance. *United States v. Lang*, 717 F. App'x 523, 539 (6th Cir. 2017).

As to the proposed new building monitor agreement Defendant presented to Plaintiff in December 2022, it appears at this pretrial stage that such evidence would be relevant. Indeed, the fact that Defendant presented Plaintiff with a new building monitor agreement suggests that perhaps at some point Defendant *did* understand the building monitor role to include duties beyond those listed in the proposed 2022 agreement. Or perhaps the evidence on this issue would suggest that the reason Defendant presented a new agreement to Plaintiff in December 2022 was to comply with federal regulations regarding how heavily they could discount her rent as a

building monitor. In this way, the evidence is relevant to the question of what Defendant understood the building monitor role to encompass and what duties it expected Plaintiff to carry out. And it is not clear how such evidence would be prejudicial. Indeed, just because evidence is unfavorable to one party does not make it unfairly prejudicial. *See id.*

The relevance of evidence related to how Defendant handled the building monitor duties *after* Plaintiff left the role in April 2023 is a closer question. As this Court noted at the motion hearing, such evidence is not evidence of a subsequent remedial measure. So, Defendant argues that this evidence should be excluded as irrelevant because it is "of no consequence" to determining what Plaintiff's duties were between 2011 and 2023 nor how much time she spent performing those duties. *Id.* at PageID.679–80; *see also* ECF No. 28 at PageID.600 (noting the two primary factual disputes for trial are "(1) Whether [Defendant] *required* [Plaintiff] to wait, or merely *requested* that she wait; and (2) What [Plaintiff]'s duties as building monitor actually included"). Plaintiff responds that the way Defendant divided up the building monitor duties among three people after Plaintiff left the role is relevant because it "underscores that the [role] was not casual or optional," and "illustrates the degree of oversight and responsiveness her role demanded over the years." ECF No. 42 at PageID.751.

Ultimately, it is possible that evidence or testimony regarding how Defendant

implemented the building monitor role after April 2023 could be relevant, especially if such evidence addresses what duties Defendant required the new building monitors to carry out and what availability restrictions, if any, Defendant placed on the new building monitors. However, in this pretrial context, it appears less likely that evidence of the new building monitors' pay structure and specific division of labor among the three building monitors would be relevant.

Accordingly, at this juncture, to the extent Defendant seeks to exclude evidence of proposed and actual changes to the building monitor role, this Court will deny Defendant's motion without prejudice. However, this Court will note that evidence related to changes to the building monitor agreement proposed in December 2022 appears to be relevant, and evidence related to actual changes to the building monitor role *after* April 2023 might be relevant. Regardless, the Parties are free to raise relevance objections on both issues at trial.

*2. Letters of support from Plaintiff's friends and coresidents*

For the reasons stated on the record during the September 29, 2025 motion hearing, Defendant's motion will be granted on this issue. Indeed, the letters of support at issue here are inadmissible hearsay, and none of the hearsay exceptions Plaintiff argued for apply here.

*3. Improper character evidence*

For the reasons stated on the record during the September 29, 2025 hearing,

Defendant's motion will be granted in part to the extent it seeks to exclude testimony about Plaintiff's character. There is no question that improper character evidence is inadmissible. *See* FED. R. EVID. 404(a). But the Parties may elicit relevant testimony from residents related to Plaintiff's job function, duties, and performance.

### B. Plaintiff's Motion to Strike Witnesses and Exhibits (ECF No. 40)

Plaintiff's motion seeks to strike one witness and four exhibits Defendant disclosed for the first time in its trial witness and exhibit lists. ECF No. 40. But, for the reasons stated on the record during the September 29, 2025 motion hearing, Plaintiff's motion will be denied.

### C. Plaintiff's Omnibus Motion *in Limine* (ECF No. 41)

Plaintiff's omnibus motion *in limine* seeks to exclude six categories of evidence. ECF No. 41. Defendant responded that it does not intend to offer evidence in three of these categories. ECF No. 44 at PageID.775. So, to the extent that Plaintiff's motion seeks to exclude (1) evidence of Plaintiff's eviction proceedings; (2) transcripts of the April 2023 nonpayment of rent hearing; and (3) public harm arguments, her motion will be denied as moot. ECF No. 41 at PageID.725.

This leaves three disputed categories of evidence: (1) evidence of HUD fair market rent; (2) evidence or arguments about Defendant's good moral character; and (3) evidence of Plaintiff's collateral sources of income. *See* ECF No. 41.

*1. Evidence of HUD fair market rent*

For the reasons stated on the record during the September 29, 2025 hearing, Plaintiff's motion will be denied to the extent it seeks to exclude this evidence.

*2. Evidence or arguments about Defendant's good moral character*

For the reasons stated on the record during the September 29, 2025 hearing, Plaintiff's motion will be granted in part to the extent it seeks to exclude testimony about Defendant's character. Indeed, improper character evidence will not be admissible. *See* FED. R. EVID. 404(a). But the parties may elicit testimony and introduce evidence for the purpose of establishing Defendant's organizational structure, role, and mission.

*3. Evidence of Plaintiff's collateral sources of income*

For the reasons stated on the record during the September 29, 2025 hearing, Plaintiff's motion will be denied to the extent it seeks to exclude evidence of Plaintiff's supplemental security income and social security benefits during the time relevant timeframe in this case.

### III. CONCLUSION

Accordingly, it is **ORDERED** that Defendant's Omnibus Motion *in Limine*, ECF No. 37, is **GRANTED IN PART** and **DENIED IN PART** as follows:

| Category of Evidence | Outcome |
|---|---|
| Evidence of changes to building monitor role | Denied without prejudice |
| Letters of support from friends and co-residents | Granted |
| Improper character evidence | Granted in part |

Further, it is **ORDERED** that Plaintiff's Motion to Strike Witnesses and Exhibits, ECF No. 40, is **DENIED**.

Further, it is **ORDERED** that Plaintiff's Omnibus Motion *in Limine*, ECF No. 41, is **GRANTED IN PART AND DENIED IN PART** as follows:

| Category of Evidence | Outcome |
|---|---|
| Evidence of Plaintiff's eviction proceedings | Denied as moot |
| Transcripts of April 2023 nonpayment of rent hearing | Denied as moot |
| Evidence of HUD fair market rent | Denied |
| A "good moral character" argument | Granted in part |
| Public harm arguments | Denied as moot |
| Evidence of Plaintiff's collateral sources of income | Denied |

**This is not a final order and does not close the above-captioned case.**

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: October 3, 2025